227 So.2d 596

**E. E. RABALAIS & SON, INC.**

v.

**UNITED BONDING INSURANCE COMPANY et al.**

No. 50176.

Nov. 12, 1969.

227 So.2d 597

**E. E. RABALAIS & SON, INC.**

v.

**UNITED BONDING INSURANCE COMPANY.**

No. 50165.

Nov. 12, 1969.

In re: E. E. Rabalais & Son, Inc., applying for certiorari, or writ of review, to the

Court of Appeal, Third Circuit, Parish of Avoyelles. 226 So.2d 528.

Writ refused. On the facts found by the Court of Appeal, we find no error of law in the judgment complained of.

SANDERS, J., is of the opinion a writ should be granted. In his opinion, the bond contract obligates the bonding company to pay attorney's fees. See Jennings v. Ralston Purina Company, La.App., 201 So.2d 168, cert. den. 251 La. 215, 203 So.2d 554.

BARHAM, J., concurs in the denial of the writ. The majority opinion in regard to attorney's fees is in accord with prior Supreme Court decisions not cited. Chauvin v. LaHitte, 229 La. 94, 85 So.2d 43, and cases cited therein. Further, even if there were merit in a reconsideration and over-ruling of this jurisprudence so as to hold that broad and general language such as "all costs and damage" includes attorney's fees, the issue is not presented in this case. The failure of the defendant bonding company as surety to pay the obligee-plaintiff without suit was its own fault and not a "default" of the subcontractor-principal. The obligation of the defendant-surety is to "repay the obligee (plaintiff) all outlay and expenses which the obligee may incur in making good any such default (of the principal-subcontractor)." Obligee-plaintiff

has made good the default of the subcontractor principal without incurring any attorney's fees, and it is suing the surety for the amount of that default. Under no possible extension of "all costs and damage" can obligor be held indebted for plaintiff's attorney's fees incurred in suit against it, the surety.